**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LEWIS D. BAKER, | ) |
| Plaintiff, | ) ) ) ) Case No. _____ |
| v. | ) ) ) JURY TRIAL DEMANDED |
| ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC., JAMES C. NEARY, JEFF FOX, ANDREA J. AYERS, DALE CRANDALL, JOSEPH P. DISABATO, TOMAS GORNY, PETER J. PERRONE, CHANDLER J. REEDY, JUSTIN L. SADRIAN, and ALEXI A. WELLMAN, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 2, 2020 (the "Proposed Transaction"), pursuant to which Endurance International Group Holdings, Inc. ("Endurance" or the "Company") will be acquired by affiliates of Clearlake Capital Group L.P.

2. On November 1, 2020, Endurance's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Razorback Technology Intermediate Holdings, Inc. ("Parent") and Razorback Technology, Inc. ("Merger Sub," and together with Parent, "Razorback"). Pursuant to the terms of the Merger Agreement, Endurance's stockholders will receive $9.50 in cash for each share of Endurance common stock they own.

3.      On December 1, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Endurance common stock.

9.      Defendant Endurance is a Delaware corporation and maintains its principal executive offices at 10 Corporate Drive, Suite 300, Burlington, Massachusetts 01803.  Endurance's common stock is traded on the NADAQ Global Select Market under the ticker symbol "EIGI."

10. Defendant James C. Neary is Chairman of the Board of the Company.

11. Defendant Jeff Fox is President, Chief Executive Officer, and a director of the Company.

12. Defendant Andrea J. Ayers is a director of the Company.

13. Defendant Dale Crandall is a director of the Company.

14. Defendant Joseph P. DiSabato is a director of the Company.

15. Defendant Tomas Gorny is a director of the Company.

16. Defendant Peter J. Perrone is a director of the Company.

17. Defendant Chandler J. Reedy is a director of the Company.

18. Defendant Justin L. Sadrian is a director of the Company.

19. Defendant Alexi A. Wellman is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. Endurance helps millions of small businesses worldwide with products and technology to enhance their online web presence, email marketing, and business solutions.

22. The Company's family of brands includes: Constant Contact, Bluehost, HostGator, and Domain.com.

23. On November 1, 2020, Endurance's Board caused the Company to enter into the Merger Agreement with Razorback.

24. Pursuant to the terms of the Merger Agreement, Endurance's stockholders will receive $9.50 in cash for each share of Endurance common stock they own.

25. According to the press release announcing the Proposed Transaction:

Endurance International Group Holdings, Inc. ("Endurance" or the "Company") (Nasdaq:EIGI), a leading provider of cloud-based platform solutions designed to help small and medium-sized businesses succeed online, announced today that it has entered into a definitive merger agreement to be acquired by affiliates of Clearlake Capital Group L.P. ("Clearlake") in an all cash transaction valued at approximately $3.0 billion including outstanding indebtedness.

Under the terms of the definitive agreement, which has been unanimously approved by the members of the Endurance Board of Directors, affiliates of Clearlake will acquire all of the outstanding common shares of Endurance for $9.50 per share in cash. The purchase price represents a 79% premium over Endurance's unaffected share price of $5.30 as of September 25, 2020, the last trading day prior to media speculation about a potential transaction, and a 64% premium to its closing share price on October 30, 2020 of $5.81.

A special meeting of Endurance shareholders will be held promptly following the filing of a definitive proxy statement with the U.S. Securities and Exchange Commission (the "SEC"). Certain affiliates of Warburg Pincus and Goldman Sachs Private Equity Partners have entered into a voting agreement committing them to, among other things, vote approximately 36% of the outstanding shares of Endurance common stock in favor of adopting the acquisition agreement. . . .

Centerview Partners and Goldman Sachs are acting as co-financial advisors and WilmerHale as corporate counsel to Endurance.

J.P. Morgan, BofA Securities, Deutsche Bank Securities, and UBS Investment Bank provided committed debt financing, and alongside Rothschild & Co and Lazard acted as financial advisors to Clearlake. Sidley Austin LLP is serving as corporate/M&A counsel and Kirkland & Ellis LLP as financing counsel to Clearlake.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

26. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

27. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

28. First, the Proxy Statement omits material information regarding the Company's financial projections.

4

29.     The Proxy Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA and unlevered free cash flow; (ii) a reconciliation of all non-GAAP to GAAP metrics; and (iii) when the financial projections and extrapolations thereof were prepared.

30.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview") and Goldman Sachs & Co. LLC ("Goldman Sachs").

32.     With respect to Centerview's Selected Public Company Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the companies observed in the analysis; and (ii) Centerview's basis for selecting the 2021E Adjusted EBITDA multiple range of 7.0x to 8.5x.

33.     With respect to Centerview's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; and (ii) Centerview's basis for selecting the range of 8.0x to 11.0x LTM Adjusted EBITDA.

34.     With respect to Centerview's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rate range of 9.0% to 10.0%; (ii) Centerview's basis for applying the range of Adjusted EBITDA terminal multiples of 7.0x to 8.5x, perpetuity growth rates ranging from 0.6% to 2.9%, and growth rate of

3% and assuming an Adjusted EBITDA margin of 29.3%; and (iii) the Company's tax assets and net debt.

35. With respect to Centerview's Premia Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

36. With respect to Centerview's Analyst Price Target Analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

37. With respect to Goldman Sachs' Selected Companies Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the companies observed in the analysis; and (ii) Goldman Sachs' basis for selecting the illustrative range of multiples of 7.0x to 8.5x.

38. With respect to Goldman Sachs' Selected Transactions Analysis, the Proxy Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed in the analysis; and (ii) Goldman Sachs' basis for selecting the illustrative range of multiples of 8.0x to 11.0x.

39. With respect to Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy Statement fails to disclose: (i) Goldman Sachs' basis for using the illustrative range of multiples of 7.0x to 8.5x; and (ii) the individual inputs and assumptions underlying the discount rate of 14%.

40. With respect to Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rate range of 9.50% to 10.50%; (ii) Centerview's basis for applying the multiples ranging from 7.0x to 8.5x and implied perpetuity growth rates ranging from 1.1% to 3.4%; and (iii) the Company's net debt.

41. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. Third, the Proxy Statement fails to disclose the Board's basis for determining "that Party A was not expected to significantly increase its proposed price."

43. The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

44. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Endurance

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Endurance is liable as the issuer of these statements.

48. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

49. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

51. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants acted as controlling persons of Endurance within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Endurance and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

58. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

59. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

  C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 11, 2020      **RIGRODSKY & LONG, P.A.**

            By: */s/ Gina M. Serra*
              Seth D. Rigrodsky (#3147)
              Brian D. Long (#4347)
              Gina M. Serra (#5387)
              300 Delaware Avenue, Suite 210
              Wilmington, DE 19801
              Telephone: (302) 295-5310
              Facsimile: (302) 654-7530
              Email: sdr@rl-legal.com
              Email: bdl@rl-legal.com
              Email: gms@rl-legal.com

              *Attorneys for Plaintiff*